## C. G. ELLIS ET AL. v. KIRKPATRICK & SKILES.

Decided April 15, 1903.

**1.—Partnership—Knowledge of One Member—Charge.**

Where plaintiffs, a firm, sued for commissions on a sale of an electric plant, and the court charged that if, at the time of the transaction, plaintiffs did not know of a certain fact rendering the sale illegal, then they might recover, etc., the failure to further state that knowledge of either partner was knowledge of both was not reversible error in the absence of request for an instruction to that effect.

**2.—Charge—Damages—Express and Implied Contract.**

Plaintiff sued for $5000 as commissions on a sale, and the court charged that if the jury found for plaintiffs, and they had a contract with defendants, either express or implied, for $5000, the jury should find the amount so expressed or implied, by the contract, but if there was no contract for a certain sum as commissions, they should find such an amount as was a reasonable compensation for the services performed. The jury found for a much less sum than $5000. Held, upon objection that as there could be no implied contract for a certain sum, this was in effect a direct charge to find for plaintiffs, that the charge was not error or misleading, since both clauses were evidently addressed to the amount of damages in case the jury found for plaintiffs.

Error from the District Court of Dallas. Tried below before Hon. Thos. F. Nash.

*Eugene Williams,* for plaintiffs in error.

*Alexander & Thompson* and *Joseph M. Dickson,* for defendants in error.

JAMES, CHIEF JUSTICE.—The action was against plaintiffs in error for $5000, commissions upon a contract employing appellees to sell an electric light plant belonging to the Standard Light and Power Company, and, in the alternative, for that sum as the reasonable value of the service. The defense was that the effect of the sale made to Post was to vest in him, for the use and benefit of a competing corporation, the Dallas Electric Company, the above named plant by placing him in control of the latter's stock, and that the plaintiffs knew that the relationship between Post and the Dallas Electric Company was such as to violate both the anti-trust laws of Texas and the ordinances of the city of Dallas, which prohibited the transfer of the property of the Standard Light and Power Company to the Dallas Electric Company, or the control of the latter company by the former.

The first assignment is that the court erred in charging that both plaintiffs (partners) had to know that there was a consolidation with

or sale to the Dallas Electric Company, when knowledge of such fact on the part of either of them would have affected both, and defendants did not rely on the theory that Kirkpatrick had such knowledge, but only that Skiles had knowledge of the fact. The theory on which this assignment is based, and upon which the trial was had, is that by the anti-trust law and by an ordinance of the city of Dallas such consolidation or sale was unlawful.

The paragraph complained of reads: "If you find from the evidence that there was neither a consolidation with, nor sale to, the Dallas Electric Company, or if there was either, the plaintiffs did not know it at the time of the transaction, then you will find in accordance with the following instruction," etc. No contention is or can be made that this charge did not state correctly a rule of law applicable to the case. There was an omission to state the further rule that knowledge of either partner was knowledge of both. Defendant asked no instruction in this respect, and for these reasons we think the assignment is not well founded.

In order to sustain the second assignment of error we would have to hold that Skiles was shown by the undisputed evidence to have had knowledge that the sale was being made by one company to the other. This was not so, the evidence being such, when properly considered, as made this a question for the jury.

The third assignment complains of the following paragraphs of the charge: "If you find for the plaintiffs and further find that plaintiffs had with defendants a contract, either expressed or implied by the conduct of the parties, for $5000, then you will find for the plaintiffs the amount so expressed or implied by the contract, if any you find. If you find there was no contract for a certain amount of commissions, expressed or implied, and find for the plaintiffs, then in that case you will find for the plaintiffs such an amount as you believe from the evidence before you is a fair and reasonable compensation for the services performed."

The complaint is that there could be no such theory as an implied contract to pay a certain amount, as $5000, and that these clauses were, in effect, a direct charge to find for plaintiffs, leaving no opportunity for any finding for defendant.

As the jury did not find for $5000, but for a much less sum, it is evident under these instructions that they found against any contract for the specific sum. A reading of the two clauses just quoted shows that both of them were addressed to the amount of damages, in the event the jury found for plaintiffs. The preceding part of the charge was an explanation of the issues and of the rules by which the jury were to be governed in finding for or against plaintiff. The jury could not have been misled, as alleged, if they read and considered the entire charge. The assignment can not be sustained.

*Affirmed.*

Writ of error refused.